# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DEANDREA SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-229 |
| | ) | |
| INTERNATIONAL LONGSHORE ASSOCIATION 1414, *et. al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

*Pro se* plaintiff DeAndrea Savage seeks leave to pursue her claims *in forma* pauperis (IFP). Doc. 2. She was directed to supplement her application to clarify possible discrepancies and to confirm that she has no other cases currently pending before the Court. Doc. 5. Plaintiff has supplemented her motion for leave to proceed IFP, doc. 7, and the Court is satisfied that she is indigent. Accordingly, Plaintiff's motion to proceed IFP is **GRANTED**. Doc. 2. The Court must now screen the Complaint pursuant to 28 U.S.C. § 1915(e), which requires the dismissal of a complaint that fails to state at least one actionable claim.[1] As Plaintiff's

---

[1] The right to proceed IFP in the federal district courts is governed by 28 U.S.C. § 1915, which authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money

pleadings fail to state a claim upon which relief may be granted, the Court will allow her an opportunity to amend.[2]  Plaintiff is **DIRECTED** to amend her Complaint within 30 days of this Order.

The Court construes the Complaint to allege that the union and its agents breached their duty of fair representation.[3]  Plaintiff alleges that after making complaints of harassment, she was retaliated against by her employer and given a 21-month suspension.  Doc. 1 at 3.  The local union did not provide representation during this process.  *Id.*  Plaintiff attributes the suspension to the inaction of the union and seeks the restoration of her job and associated benefits.  Doc. 1 at 3, 5.

---

damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

[2] "[W]hen a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (*citing Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n. 1 (11th Cir. 2002) (en banc)); *see also* Fed. R. Civ. P. 15(a)(2) (courts should grant leave to amend "freely . . . when justice so requires"); *Seckinger v. Bank of Am., N.A.*, No. CV415-306, 2016 WL 1381814 at *2 (S.D. Ga. Apr. 6, 2016).  Doc. 9.

[3] The Court notes that claims against a union for breach of the duty of fair representation are often pursued in parallel to claims against an employer alleging breach of a collective bargaining agreement under § 301 of the Labor Management Relations Act (codified at 29 U.S.C. § 185).  *See DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164–65 (1983) ("The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.").  Plaintiff has given no indication that a separate § 301 claim has been filed.

Plaintiff has not sufficiently pleaded facts necessary to support her claim. A claim against a union for breach of the duty of fair representation requires a demonstration that its behavior was arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Plaintiff has not sufficiently pleaded facts to allow the Court to determine whether the union's conduct falls within those categorizations. Specifically, the Complaint is devoid of facts alleging that defendants were motivated by hostility, discrimination, or bad faith. *See Higdon v. United Steelworkers of America*, 537 F.Supp. 653, 659 (S.D. Ga. 1982). There must be more than simple carelessness or inadvertence. *Id.* (citing *Coe v. United Rubber, Cork, Linoleum, & Plaster*, 571 F.2 1349, 1350–51 (5th Cir. 1978). Plaintiff must also provide dates for the alleged offense, as fair representation claims are subject to a narrow six-month statute of limitations. *Adams v. United Paperworks Int'l Union A.F.L.-C.I.O.*, 189 F.3d 1321, 1322 (11th Cir. 1999); *Carreker v. Int'l. Longshoremen's Ass.*, 2014 WL 6604789 *13 (S.D. Ga 2014). Plaintiff's amended Complaint must address these defects.

As such, Plaintiff is **DIRECTED** to file an amended Complaint within 30 days of this Order completely and succinctly laying out the

element of her claims and all factual support thereto.  Plaintiff is advised that her amended Complaint will supersede the original Complaint and, therefore, must be complete in itself.[4]  Plaintiff is cautioned that failure to comply with this Order will result in a recommendation of dismissal.

**SO ORDERED**, this 1st day of October, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").