IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

DEANDREA SAVAGE,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )          CV 419-229
                                    )
INTERNATIONAL LONGSHOREMAN          )
ASSOCIATION LOCAL 1414, et. al.,    )
                                    )
          Defendants.               )

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff is proceeding *pro se* in the above-captioned case.   Upon review of Plaintiff's first amended complaint, the Court ordered Plaintiff to amend her complaint within twenty-one days (1) because the first amended complaint did not satisfy the dictates of Federal Rule of Civil Procedure 8(a) and, (2) because of the pleading deficiencies, the Court was unable to determine the claims Plaintiff sought to bring.   (See doc. no. 11)   The Court cautioned Plaintiff that failing to submit a timely response may result in a recommendation for dismissal of this action.   (Id. at 3-4.)   The time to respond has passed, and Plaintiff has not submitted a second amended complaint as required by the Court's December 17, 2021 Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v.

<u>Ala. Dep't of Human Res.</u>, 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." <u>Owens v. Pinellas Cty. Sheriff's Dep't</u>, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file a second amended complaint, or even to provide the Court with an explanation for her failure to comply with the December 17th Order, amounts not only to a failure to prosecute, but also an abandonment of her case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiff that a failure to respond may result in a recommendation of dismissal.

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's December 17th Order.  Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this

civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of January, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA